**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JHON STALIN SAYAY-GUAMINGA,

Petitioner,

v. Case No. 1:26-cv-03014 KWR-JHR

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE. Petitioner received a bond hearing but asserts that his bond decision or hearing violated due process because it was not individualized. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED** without prejudice**.**

**BACKGROUND**

Petitioner is a citizen of Ecuador and is currently detained by ICE at the Torrance County Detention Facility. Petitioner was released into the United States on November 17, 2022 on conditions. Petitioner was arrested by the Chicago police for allegedly driving on a suspended license and without registration. Because Petitioner allegedly violated the terms of the Alternatives

to Detention program, an arrest warrant was issued by immigration authorities on December 8, 2025. Petitioner was placed into immigration custody on December 9, 2025.

On August 13, 2026, an immigration judge held a bond hearing and found that Petitioner was a flight risk not mitigable by bond. On September 14, 2026, an immigration judge ordered Petitioner removed to Ecuador. An appeal of the removal order is therefore due by October 14, 2026.

## DISCUSSION

To the extent he challenges the bond decision or flight risk determination, the Court lacks authority to review that decision. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a), (e); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr.*

*Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. Petitioner clearly challenges the discretionary finding that he is a flight risk not mitigable by bond. Petitioner asserts he submitted substantial evidence that he was neither a danger or flight risk. Doc. 3 at 14. He asserts that the evidence he submitted was sufficient to show that he is neither a flight risk nor a danger. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

Petitioner asserts that the immigration judge violated due process by failing to provide an individualized determination for the following reasons:

- The immigration judge failed to set a bond amount sufficient to ensure Petitioner's appearance at future proceedings;
- The immigration judge failed to consider the facts relevant to the flight risk and bond determination; and
- The immigration judge relied on a factor unrelated to flight risk instead of the corroborating evidence presented by Petitioner.

Doc. 3 at 13. The Court rejects each of these arguments below.

First, Petitioner asserts that the immigration judge's determination that no bond amount would ensure Petitioner would attend future immigration hearings deprived him of an individualized determination. Doc. 3 at 14-15. As explained below, Petitioner bears the burden of proof, but presents no evidence or factual allegations suggesting that the immigration judge failed to conduct an individualized determination. Petitioner merely challenges the immigration judge's discretionary determination that no amount would reasonably ensure his appearance.

Second, Petitioner asserts that the immigration failed to mention or consider the *Guerra* factors in his written order. But Petitioner failed to describe the bond hearing or the immigration judge's oral ruling in his Petition, failed to provide a transcript or recording of the hearing, or failed provide a proffer. He asserts that the written order was inadequate, but he does not allege that the immigration judge's oral ruling was inadequate. In the Court's experience reviewing hundreds of habeas petitions, the immigration judge's decision is contained in an oral ruling. Immigration judges generally make an oral ruling explaining why bond was denied. Petitioner does not assert that the immigration judge failed to make an oral ruling.

Petitioner has not demonstrated that any mis-weighing of the *Guerra* factors or evidence constitutes a due process violation, rather than mere error. At the bond hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the

> alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. The burden is on the detainee to demonstrate that release on bond is warranted. *Id.* The BIA case law following *Guerra* has either broadened these factors or taken an expansive view of these factors, allowing the immigration judge to consider whether a detainee has a valid or credible sponsor and the immigration status of a sponsor. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020). An immigration judge may also consider a detainee's immigration status and the likelihood that any application for relief will be granted. *Matter of R-A-V-P-*, 27 I. & N. Dec. at 807 (allowing immigration judge to consider a detainee's immigration status and likelihood that an application for relief, such as application for asylum, will be approved). Here, Petitioner asserts that the immigration judge erred by finding his sponsor inadequate and his relief speculative. As explained above, an immigration judge may consider whether a sponsor is credible or valid and whether a petitioner's relief is speculative. Any mis-weighing of the factors or evidence would at most be error addressable on appeal, not a due process violation.

Third, Petitioner asserts that the immigration judge failed to consider certain evidence. He fails to explain why he believes that the immigration judge failed to consider this evidence. For example, did the immigration judge expressly refuse to consider this evidence? Did he somehow prevent the Petitioner from presenting this evidence? Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy, which he has not satisfied. *See* 28 U.S.C. § 2241;

*Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law). As explained above, the Court may not presume a constitutional violation occurred.

It appears that Petitioner believes the immigration judge's decision was not individualized based on the written order, which merely stated "flight risk not mitigatable by bond." Doc. 3 at 17. He asserts that the written order gives no individualized explanation addressing the evidence, no discussion, and no reasoning. But as explained above, in the Court's experience reviewing hundreds of habeas petitions, the immigration judge generally gives an explanation in their oral ruling, not their written order. Petitioner does not allege that the immigration judge's oral ruling was insufficient, and he does not describe the immigration judge's oral ruling to show it was inadequate. Therefore, the Court is unable to say, based on the record before the Court, that the immigration judge violated Petitioner's due process rights by failing to conduct an individualized inquiry.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED** without prejudice.

______________/S/_________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE